UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Christina Zortman,

    Plaintiff,

v.                                                                                  Civil No. 10-3086 (JNE/FLN)
                                                                              AMENDED[1] ORDER

J.C. Christensen & Associates, Inc.,

    Defendant.

---

Trista M. Roy, Esq., Consumer Justice Center, PA, appeared for Plaintiff Christina Zortman.

Michael A. Klutho, Esq., Bassford Remele, PA, appeared for Defendant J.C. Christensen & Associates, Inc.

---

      Plaintiff Christina Zortman brings this action under the Fair Debt Collection Practices Act (FDCPA) against J.C. Christensen & Associates, Inc. (JCC). On November 24, 2010, JCC filed a motion for judgment on the pleadings, and the Court conducted a hearing on that motion on January 6, 2011. For the reasons stated below, the Court denies the motion.

## I.    BACKGROUND

Zortman incurred a consumer debt with Chase Bank USA N.A. by using a Kohl's Department Stores credit card. The debt became delinquent and was transferred or assigned to JCC. Both Zortman's home and cellular voicemail systems have automated outgoing messages that do not identify occupants or potential listeners. Zortman alleges that JCC left messages on both voicemail systems "disclosing Plaintiff's debt" and that the messages were heard by Zortman's children. Zortman argues that this violated the FDCPA and caused Zortman to suffer emotional distress, embarrassment, and humiliation.

---

[1]     This order corrects a reference in the first paragraph of the original order.

1

## II.     DISCUSSION

A court should grant judgment on the pleadings only if the moving party clearly establishes that there are no material issues of fact and that it is entitled to judgment as a matter of law.  *Porous Media Corp. v. Pall Corp.*, 186 F.3d 1077, 1079 (8th Cir. 1999).  A court evaluates a motion for judgment on the pleadings brought under Rule 12(c) of the Federal Rules of Civil Procedure under the same standard as a motion brought under Rule 12(b)(6).  *See Westcott v. City of Omaha*, 901 F.2d 1486, 1488 (8th Cir. 1990).  In deciding a motion to dismiss for failure to state a claim pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, a court must accept the facts alleged in the complaint as true and grant all reasonable inferences in favor of the plaintiff.  *Crooks v. Lynch*, 557 F.3d 846, 848 (8th Cir. 2009).  Although a complaint is not required to contain detailed factual allegations, "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).  "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Id.* (quoting *Twombly*, 550 U.S. at 570).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

The complaint alleges that JCC violated 15 U.S.C. § 1692c(b) (2006) when it left messages on Zortman's voicemail systems that were heard by Zortman's children.  The gist of JCC's motion for judgment on the pleadings is that Zortman has no claim because JCC did not

purposefully or deliberately[2] disclose the debt information to a third party. The Court concludes that Zortman has pleaded an actionable FDCPA claim.

> The FDCPA prohibits a debt collector from disclosing a consumer's debt to third parties:
>
> Except as provided in section 1692b of this title, without the prior consent of the consumer given directly to the debt collector, or the express permission of a court of competent jurisdiction, or as reasonably necessary to effectuate a postjudgment judicial remedy, a debt collector may not communicate, in connection with the collection of any debt, with any person other than the consumer, his attorney, a consumer reporting agency if otherwise permitted by law, the creditor, the attorney of the creditor, or the attorney of the debt collector.

§ 1692c(b). A "communication" is "the conveying of information regarding a debt directly or indirectly to any person through any medium." *Id.* § 1692a(2).

**A.    JCC's appeal to the "*Foti* problem"**

JCC urges the Court to hold that violations of § 1692c(b) require an intent to purposefully or deliberately make disclosures to a third party. JCC bases this proposition, in part, on a line of cases, which includes *Foti v. NCO Financial Systems, Inc.*, 424 F. Supp. 2d 643 (S.D.N.Y. 2006), interpreting 15 U.S.C. §§ 1692d(6) and 1692e(11) (2006). Section 1692d(6) generally requires a "disclosure of the caller's identity" when a debt collector places a telephone call. Courts have construed § 1692d(6) as requiring a debt collector to disclose the caller's name, the debt collection company's name, and the nature of the debt collector's business. *Baker v. Allstate Fin. Servs., Inc.*, 554 F. Supp. 2d 945, 949-50 (D. Minn. 2008) (collecting cases). Section 1692e(11) requires the debt collector to disclose "that the debt collector is attempting to collect a debt and that any information obtained will be used for that purpose" in the initial

---

[2]    JCC frames its argument in terms of deliberateness or purposefulness, which the Court concludes is a particular type of intent. JCC does not distinguish between deliberateness or purposefulness.

communication with the consumer, and it requires the debt collector to disclose "that the communication is from a debt collector" in later communications.

Beginning by the early 2000s, district courts from around the country began to hold that debt collectors could violate §§ 1692d(6) and 1692e(11) by leaving voicemail or answering machine messages without the required disclosures. One of these decisions was *Foti*, which was followed by a recent District of Minnesota case on which JCC primarily relies, *Mark v. J.C. Christensen & Associates, Inc.*, Civil No. 09-100 ADM/SRN, 2009 WL 2407700 (D. Minn. Aug. 4, 2009). Until fairly recently, some debt collectors, including JCC, followed the practice of leaving semi-anonymous messages for debtors that only stated the caller's first name and did not disclose the name of the company or the nature of the call. Apparently, this practice was adopted out of fear that a message with the §§ 1692d(6) and 1692e(11) disclosures would violate § 1692c(b) if overheard by a third party. In *Mark*, the plaintiff sued JCC and claimed that semi-anonymous messages on her answering machine violated §§ 1692d(6) and 1692e(11). For example, JCC left a message for the *Mark* plaintiff that stated: "Hi Cindy, this is Eva, can you call me quick when you get this message. My office number is 866-565-1399." *Mark*, 2009 WL 2407700, at *1. JCC argued that messages of this type do not violate the FDCPA because they (1) are not communications; (2) are not harassing, abusive, false, deceptive, or misleading; and (3) are not material. After rejecting these arguments, the *Mark* court addressed JCC's constitutionality argument. If the semi-anonymous messages violated §§ 1692d(6) and 1692e(11), JCC argued, then debt collectors would be prevented from leaving messages on answering machines and voicemail systems because compliance with §§ 1692d(6) and 1692e(11) risks violating § 1692c(b). JCC argued that such a construction amounted to an unconstitutional

restriction of speech. The *Mark* court rejected this argument and minimized the risk of violating § 1692c(b):

> There is no indication that others shared Mark's answering machine and, more importantly, no allegation that JCC, when it left the messages, deliberately intended that they be heard by third parties. The FDCPA was intended to protect against deliberate disclosures to third parties as a method of embarrassing the consumer, *see Joseph*[ *v. J.J. Mac Intyre Cos.*, 281 F. Supp. 2d 1156, 1164 (N.D. Cal. 2003)], not to protect against the risk of an inadvertent disclosure that could occur if another person unintentionally overheard the messages left on Mark's answering machine. Thus, JCC's argument that it faced a significant risk of exposure to liability under § 1692c(b) had it made the required disclosures in the messages left on Mark's answering machine is rejected.

*Mark*, 2009 WL 2407700, at *5. The court then went on to conclude that "even accepting for the sake of argument JCC's claim that the FDCPA presents debt collectors with an unavoidable dilemma that restricts First Amendment rights, the restrictions are constitutional." *Id.* at *6.

JCC now argues that that the messages here were "in full compliance with the FDCPA and as directed by the U.S. District Court for the District of Minnesota in *Mark*" (Answer ¶ 11), and that no violation of § 1692c(b) can occur without a purposeful or deliberate disclosure to a third party (Def.'s Mem. 8). *Mark* held that certain semi-anonymous messages *violated* the FDCPA because the messages did not include certain disclosures; it is a logical error to conclude that this holding implies that messages with the disclosures will be necessarily in compliance with the FDCPA.[3] Although JCC may appeal to the implications of the reasoning in *Mark*, it cannot argue that *Mark* held that messages like those at issue here do not violate the FDCPA.

Moreover, the language from *Mark* about purposeful or deliberate intent on which JCC relies is dictum. In addressing JCC's constitutionality argument, the *Mark* court first briefly considered the risk of liability under § 1692c(b) for debt collectors who leave disclosures. The

---

3   This logical error is known as denying the antecedent, another example of which is: if *A*, then *B*; not *A*; therefore, not *B*.

court reasoned that the risk was minimal because of the absence of deliberate or purposeful intent.  Then the court spent the bulk of its analysis on the constitutionality of the FDCPA assuming the FDCPA presented debt collectors with an "unavoidable dilemma" when leaving messages on answering machines and voicemail systems.  It concluded that such a restriction would be constitutional.  This Court therefore concludes that the commentary concerning purposeful or deliberate intent was dictum because it was not necessary to *Mark*'s holding.  Such reasoning is, however, commonly to be found in cases finding violations of §§ 1692d(6) and 1692e(11) based on innocuous, generic voicemail messages.  The discussions have been, in all cases of which the Court is aware, dicta.  Additionally, to the extent that courts have relied on the *Joseph* opinion to support such reasoning, that reliance is disproportionate.  In *Joseph*, the court was addressing both the FDCPA and California's statutory equivalent to the FDCPA.  The *Joseph* court observed:

> While the Court acknowledges that disclosure during an automated call could compromise the debtor's privacy if another party such as a neighbor or relative inside the home picks up the debtor's phone and hears the automated call . . . , the possible compromise of privacy is less likely and more remote than where e.g., the debtor indicates the nature of the collection notice on the outside of an envelope sent by mail for the world to see.
>
> As for third party communications, the legislatures' concern in enacting these provisions about privacy violations resulting from deliberate disclosure of the debtor's status to third parties such as the debtor's employer has far less applicability to phone calls made to the debtor's phone number at his or her residence for similar reasons.

281 F. Supp. 2d at 1163-64.  Because the *Joseph* court based its analysis on the "legislatures' concern," the observation referred collectively to Congress and the California legislature.  It did not purport to represent a considered analysis of whether § 1692c(b) contains a deliberate intent element.

The distance between the situation here and *Mark*'s reasoning about deliberate and purposeful intent is further increased on consideration of the fact that this case is not one where a plaintiff bases the alleged violation of § 1692c(b) on messages in compliance with §§ 1692d(6) and 1692e(11). Zortman alleges that JCC left messages "disclosing Plaintiff's debt." Although the phrase "disclosing Plaintiff's debt" is unclear, it is both broader and narrower than the disclosure requirements of §§ 1692d(6) and 1692e(11). Both sections require debt collectors to disclose identity information. "Disclosing Plaintiff's debt" may be broader than these requirements—nothing in §§ 1692d(6) and 1692e(11) requires a debt collector to state the nature or amount of the debt. "Disclosing Plaintiff's debt" may also be narrower—a debt collector could disclose the debt without disclosing its identity. This complaint does not plead a case where a message that contained only the disclosure requirements of §§ 1692d(6) and 1692e(11) is what caused the alleged violation of § 1692c(b).[4]

**B.    Statutory construction**

The issue before the Court is one of statutory construction: whether violations of § 1692c(b) require purposeful or deliberate intent to make disclosures to a third party. As discussed above, the Court finds little support for this proposition in the *Foti* line of cases, and it will therefore employ basic principles of statutory construction.

> "As in all such cases, we begin by analyzing the statutory language, 'assum[ing] that the ordinary meaning of that language accurately expresses the legislative purpose.'" *Hardt v. Reliance Standard Life Ins. Co.*, 130 S. Ct. 2149, 2156 (2010) (quoting *Gross v. FBL Fin. Servs., Inc.*, 129 S. Ct. 2343, 2350 (2009)). The Supreme Court has "stated time and again that courts must presume that a legislature says in a statute what it means and means in a statute what it

---

[4] An issue not implicated here but which is important in other § 1692c(b) cases is whether violations of § 1692c(b) require the debt collector to have conveyed some information about the debt. There appears to be a split of authority on the issue. *Horkey v. J.V.D.B. & Assoc., Inc.*, 333 F.3d 769, 775 n.2 (7th Cir. 2003) (acknowledging split). This issue is not before the Court because Zortman alleges that JCC disclosed the debt in the messages.

says there." *Conn. Nat'l Bank v. Germain*, 503 U.S. 249, 253-54 (1992). "When the words of a statute are unambiguous, then, this first canon is also the last: 'judicial inquiry is complete.'" *Id.* at 254 (quoting *Rubin v. United States*, 449 U.S. 424, 430 (1981)).

"In ascertaining the plain meaning of the statute, the court must look to the particular statutory language at issue, as well as the language and design of the statute as a whole." *Sullivan v. Stroop*, 496 U.S. 478, 482 (1990) (quoting *K Mart Corp. v. Cartier, Inc.*, 486 U.S. 281, 291-92 (1988) (internal marks omitted)).

*United States v. I.L.*, 614 F.3d 817, 820-21 (8th Cir. 2010) (alteration in original).

JCC argues that the phrase "communicate . . . with" denotes a deliberate act and "a conscious conveying of information." Based on this, JCC reasons, § 1692c(b) violations require that a debt collector deliberately or purposefully disclose information to a third party. Such an interpretation is inconsistent with the ordinary meaning of "to communicate." A person communicates when he or she shares with or conveys information to another. *See Webster's New Collegiate Dictionary* 224 (1979). It is therefore possible to communicate with someone in spite of lacking a deliberate or purposeful intent to convey something to that particular person— for example, one may communicate with an unintended audience. Further, to the extent that the FDCPA is ambiguous as to whether "communicate . . . with" requires deliberate or purposeful intent, any such ambiguity vanishes on consideration of the FDCPA as a whole. The FDCPA is a strict liability statute, which conflicts with requiring deliberate or purposeful intent. *Picht v. Jon R. Hawks, Ltd.*, 236 F.3d 446, 451 (8th Cir. 2001). Where Congress wanted to include an intent element as part of an FDCPA violation, it has done so explicitly: § 1692d(5) prohibits "[c]ausing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously *with intent* to annoy, abuse, or harass any person at the called number." § 1692d(5) (emphasis added). The inclusion of an intent element in § 1692d(5) strongly suggests that no such element is required by § 1692c(b). *See Watt v. GMAC Mortg. Corp.*, 457 F.3d 781, 783

8

(8th Cir. 2006) ("A standard axiom of statutory interpretation is *expressio unius est exclusio alterius*, or the expression of one thing excludes others not expressed."). The bona fide error defense, pursuant to 15 U.S.C. § 1692k(c) (2006), provides further support for this interpretation. The defense is a narrow exception to the strict liability imposed by the FDCPA. Section 1692k(c) provides that a debt collector is not "liable in any action brought under this subchapter if the debt collector shows by a preponderance of evidence that the violation was not intentional and resulted from a bona fide error notwithstanding the maintenance of procedures reasonably adapted to avoid any such error." *See Jerman v. Carlisle, McNellie, Rini, Kramer & Ulrich, LPA*, 130 S. Ct. 1605, 1608 (2010) (adopting a narrow construction of § 1692k(c) and holding that "not intentional" does not include violations resulting from mistakes of law). If violations of the FDCPA required deliberate or purposeful intent, then the bona fide error defense's "not intentional" element would tend toward surplusage. The Court is therefore reluctant to read such a requirement into § 1692c(b): "[C]ourts must be 'reluctan[t] to treat statutory terms as surplusage.' 'It is our duty "to give effect, if possible, to every clause and word of a statute" . . . .'" *Elwood v. Jeter*, 386 F.3d 842, 848 (8th Cir. 2004) (Riley, J., dissenting) (alteration in original) (quoting *Babbitt v. Sweet Home Chapter of Cmtys. for a Great Ore.*, 515 U.S. 687, 698 (1995); *United States v. Menasche*, 348 U.S. 528, 538-39 (1955); *Montclair v. Ramsdell*, 107 U.S. 147, 152 (1883)). Reading § 1692c(b) in light of the FDCPA as a whole, it does not require deliberate or purposeful disclosures to a third party.

This interpretation is consistent with case law finding violations of § 1692c(b) resulting from inadvertent disclosures to third parties. *See, e.g.*, *Owens v. Brachfeld*, No. C 07-4400 JF (PVT), 2008 WL 5130619, *1 (N.D. Cal. Dec. 5, 2008). It is also consistent with the few opinions holding that the FDCPA may be violated when a third party overhears an answering

machine or voicemail message.  In *Berg v. Merchants Ass'n Collection Division, Inc.*, 586 F. Supp. 2d 1336, 1341 (S.D. Fla. 2008), the court found an FDCPA violation where a pre-recorded message containing debt information was left on a debtor's voicemail and overheard by the debtor's family members and neighbors.  Because of the FDCPA's "fairly broad definition of communication and the need for direct prior consent for communications with third parties," the court rejected the defendant's assertion "that the plain language of the statute excludes the Defendant's communications."  *Id.*; *see also Leahey v. Franklin Collection Serv., Inc.*, No. 09-cv-709-AKK, 2010 WL 5279831, at *3 (N.D. Ala. Feb. 4, 2010) ("Taking all allegations as true, FCSI left a message on Leahey's answering machine, which was overheard by his friend without Leahey's consent.  Therefore, this court cannot hold that Leahey has failed to state a claim upon which relief may be granted."); *FTC v. Check Enforcement, Inc.*, No. Civ. A. 03-2115 (JWB), 2005 WL 1677480, at *8 (D.N.J. July 18, 2005) ("Defendants have not rebutted evidence that they engaged in prohibited communications with third parties in violation of Section 805 of the FDCPA[, which is codified at 15 U.S.C. § 1692c]. . . . [T]he record indicates that defendants left messages on home answering machines, which were overheard by family members and other third parties, to obtain payments from alleged indebted consumers.  Thus, defendants have failed to place material issues of fact upon the record to contradict that they engaged in prohibited communications with third parties in violation of Section 805 of the FDCPA.").

Although JCC does not develop the argument fully, JCC suggests that dismissal is supported by the Federal Trade Commission's (FTC) interpretation of the FDCPA.  Specifically, JCC cites FTC staff commentary, stating that "[a] debt collector does not violate this provision when an eavesdropper overhears a conversation with the consumer, unless the debt collector has reason to anticipate the conversation will be overheard."  *FTC Staff Commentary on the FDCPA*,

53 Fed. Reg. 50,097, 50,104 (Dec. 13, 1988). This interpretation is, however, different from that urged by JCC. JCC argues that deliberate or purposeful intent is required, while the FTC commentary requires something less than deliberate or purposeful intent—namely, "reason to anticipate" the disclosure. The distinction is illustrated by the definition of intent in tort law: "[a] person acts with the intent to produce a consequence if . . . the person acts with the purpose of producing that consequence; or . . . the person acts knowing that the consequence is substantially certain to result." Restatement (Third) of Torts § 1 (2005). The state of mind that JCC suggests is required (deliberate or purposeful intent) is similar to acting "with the purpose of producing"; and the state of mind that the FTC staff commentary requires (reason to anticipate) is similar in kind, if not degree, to substantial certainty. Accordingly, the FTC interpretation does not support a requirement of deliberate or purposeful intent.

To the extent that JCC argues that the FTC commentary is correct and that § 1692c(b) violations require a reason-to-anticipate state of mind, that argument does not support dismissal of this complaint. At least one court, distinguishing *Berg*, found no violation of a state law similar to § 1692c(b) because the debt collector had no reason to anticipate that a third party would hear the disclosures. *Hill v. Navy Fed. Credit Union*, No. HHDX04CV094042680S, 2010 WL 2764698, *5 (Conn. Super. Ct. June 2, 2010) ("Here . . . no allegation is made that [the debt collector] knew or reasonably could anticipate that overhearing would occur . . . .") (interpreting the Connecticut Creditors' Collection Practices Act). But here, the pleadings contain allegations sufficient to allow the conclusion that JCC violated § 1692c(b) regardless of whether § 1692c(b) requires "reason to anticipate" or some other, similar state of mind. Thus, the Court need not address whether such a state of mind requirement is consistent with the strict liability nature of the FDCPA and its bona fide error defense, or what that state of mind would be (e.g., "reason to

anticipate" or "substantial certainty"). JCC left messages on systems associated with two numbers. Neither voicemail system identified who might listen to messages left on the systems. Under these circumstances, the pleadings allow the conclusion that JCC had reason to expect that someone other than Zortman would hear the voicemail messages sufficient to satisfy any state of mind requirement that may (or may not) be imposed by § 1692c(b).

Because the FDCPA is a strict liability statute that explicitly includes an intent element when required, a plaintiff need not plead deliberate or purposeful disclosure to third parties to state a claim under § 1692c(b). JCC's motion for judgment on the pleadings is denied.

### III. CONCLUSION

Based on the files, records, and proceedings herein, and for the reasons stated above, IT IS ORDERED THAT:

1. JCC's motion for judgment on the pleadings [Docket No. 8] is DENIED.

Dated: April 29, 2011

                                            s/ Joan N. Ericksen
                                            JOAN N. ERICKSEN
                                            United States District Judge