# C J C

## CONSUMER JUSTICE CENTER, P.A.

*367 Commerce Court*
*Vadnais Heights, MN  55127*
*Telephone:  (651) 770-9707*
*Facsimile: (651) 704-0907*
*Internet Address: http://www.consumerjusticecenter.com*

January 27, 2011

*Via ECF*

Judge Joan N. Ericksen
United States District Court
12W U.S. Courthouse
300 South Fourth Street
Minneapolis, MN 55415

>  Re:    **Zortman v. J.C. Christensen & Associates, Inc.**
>          **Our File No.:  8587**
>          **Court File No.:  10-cv-03086 JNE/FLN**

Dear Judge Ericksen:

Plaintiff Christina Zortman submits this letter brief in response to Your Honor's inquiry raised at the January 20th hearing:

**QUESTION:** *"Does identifying one's self as a debt collector, without more, constitute disclosure of a debt as that phrase is used in the Fair Debt Collection Practices Act ("FDCPA")?"*

> **ANSWER:** *Yes.*

Disclosing a debt to third parties is prohibited by 15 U.S.C. § 1692c(b).  Section 1692c(b) states that a debt collector may not "communicate" with third parties in connection with the collection of a debt.

"Communication" is defined as "the conveying of information regarding a debt directly or indirectly to any person through any medium."  15 U.S.C. § 1692a(2).

This definition communication may be broken up into four elements:  (1) conveying, (2) information regarding a debt, (3) directly or indirectly to any person, and (4) through any medium.

CONSUMER JUSTICE CENTER, P.A.

1/27/2012
Page 2

There can be no doubt that a debt collector using his or her voice to leave a recorded message constitutes "conveying" something. Further, there is no question that, when a person listens to that recording, whatever was conveyed reaches any person directly or indirectly. Finally, it is undeniable that voicemail is "any medium."

The only question is whether the fact that the voice belongs to a debt collector constitutes "information regarding a debt."

To answer this question, the Court need look no farther than two sections of the FDCPA that expressly prohibit debt collectors from revealing that they are in the debt collection business in certain circumstances. First, in communicating with third parties to acquire location information about the consumer by mail or telegram, section 1692b(5) prohibits using "any language or symbol" that "indicates that the debt collector is in the debt collection business." Second, section 1692f(8) prohibits a debt collector from using any language on an envelope that would "indicate that he is in the debt collection business."

These prohibitions demonstrate that Congress viewed the fact that a communication is from a debt collector as protected information that should only be conveyed to the consumer. The prohibition against a debt collector stating the nature of his business on an envelope is especially instructive, as envelopes—like voice messages—are intended for the consumer but might inadvertently reach a third party. *See Rutyna v. Collection Accounts Terminal, Inc.*, 478 F.Supp. 980, 982 (E.D.Ill. 1979) ("The purpose of [1692f(8)] is apparently to prevent embarrassment resulting from a conspicuous name on the envelope, indicating that the contents pertain to debt collection.") Thus, it would be entirely congruent—and necessary to effectuate Congress' intent—to interpret the FDCPA's general prohibition on third party communications to prohibit identifying one's self as a debt collector to a third party. In the language of the statute, the fact that a voice belongs to a debt collector is "information regarding a debt."

Judge Richard H. Kyle reached the same conclusion in *Cordes v. Frederick J. Hanna & Associates, P.C.* 789 F.Supp.2d 1173, 1174 (D.Minn. 2011). In his opinion, Judge Kyle noted the undisputed facts that "Hanna left seven voice messages for *Cordes* on her home voicemail, identifying itself as a debt collector; some were heard by [third parties]." *Id.* While the voice messages contained more, the only fact Judge Kyle observed about the content of the messages was that they identified that the caller was a debt collector. After reviewing the case law, Judge Kyle determined that these facts supported summary judgment in the plaintiff's favor on the issue of whether the voice message violated the FDCPA.[1] *Id.*

---

[1] Indeed, Plaintiff is entitled to judgment as a matter of law here and anticipates that this issue will be resolved before trial on Plaintiff's damages with a motion for a directed verdict.

CONSUMER JUSTICE CENTER, P.A.

1/27/2012
Page 3

Of course, debt collectors' voice messages will invariably contain more than an identification of the caller as a debt collector. The fact that debt collectors' voice messages often reference an important message or an urgent need for a return call was critical in the analysis in *Foti v. NCO Financial Systems, Inc.*, a highly influential case on interpreting "communication[s]" under the FDCPA. 424 F.Supp.2d 643, 656 (S.D.N.Y. 2006). In *Foti*, the court held that the voice message at issue conveyed "information regarding debt," and thus was a "communication," because it "advised the debtor that the matter required immediate attention, and provided a specific number to call to discuss the matter." The same is true here. Defendant's voice message stated that it had an "important message" and asked for a return call. (*See* Defendant's Memorandum in Support of Motion for Summary Judgment at 3 (ECF No. 50)). Accordingly, even if identifying oneself as a debt collector to a third party alone is not a communication, the message here contained additional information that courts have held constitutes "information regarding a debt."

Identifying oneself as a debt collector constitutes a communication under the FDCPA, and Defendant's Motion for Summary Judgment should be denied.

> Very truly yours,
>
> s/Thomas J. Lyons
>
> Thomas J. Lyons

TJL:aw
CC:   Christopher Morris, Esq. (*Via ECF*)