UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
CIVIL FILE NO.: 10-cv-3086 JNE/FLN

| | |
|---|---|
| Christina Zortman, <br><br> Plaintiff, <br> v. <br><br> J.C. Christensen & Associates, Inc., <br><br> Defendant. | **PLAINTIFF'S RESPONSE TO DEFENDANT'S NOTICE OF SUBSEQUENT AUTHORITY** |

Plaintiff respectfully submits this response to Defendant's Notice of Subsequent Authority (*see* ECF No. 59).

**I. THE ISSUE**

This is a consumer protection case brought under the Fair Debt Collection Practices ("FDCPA"), 15 U.S.C. § 1692, *et seq*. One issue currently before the court is whether Plaintiff is entitled to recover emotional distress damages as "actual damages" under the FDCPA's damages provision, which states:

> Except as otherwise provided by this section, any debt collector who fails to comply with any provision of this subchapter with respect to any person is liable to such person in an amount equal to the sum of--
>
> **(1)** any actual damage sustained by such person as a result of such failure

15 U.S.C.A. § 1692k(a)(1).

## II.     *F.A.A. v. COOPER* IS INAPPOSITE.

Defendant recently submitted the Supreme Court's decision in *Federal Aviation Administration v. Cooper*, 566 U.S. ---, No. 10-1024 (March 28, 2012) as subsequent authority. *Cooper* could not be more inapposite:

> When waiving the Government's sovereign immunity, Congress must speak unequivocally. *Lane,* 518 U.S., at 192. Here, we conclude that it did not. As a consequence, we adopt an interpretation of "actual damages" limited to proven pecuniary or economic harm. To do otherwise would expand the scope of Congress' sovereign immunity waiver beyond what the statutory text clearly requires.

*F.A.A. v. Cooper*, 10-1024, 2012 WL 1019969 (U.S. Mar. 28, 2012).

Thus, the Court in *Cooper* narrowly construed the "actual damages" provision at issue, as it was required to do in the context of a Congressional waiver of the United States' sovereign immunity.  *See* 5 U.S.C. § 552a(g)(4)(A) (waiving the Government's immunity from suit).

However, the case at bar deals with the Fair Debt Collection Practices Act – 15 U.S.C. §1692, a consumer protection statute, which is remedial in purpose and to be interpreted broadly.  "The FDCPA is a remedial, strict liability statute which was intended to be applied in a liberal manner." *Picht v. Hawks*, 77 F.Supp.2d 1041, 1043 (D.Minn. 1999) (Noel, M.J.), *aff'd* 236 F.3d 446 (8th Cir. 2001); *Owens v. Hellmuth & Johnson, PLLC*, 550 F.Supp.2d 1060, 1063 (D.Minn. 2008) (Kyle, J.) (applying the "liberal manner" language in *Picht v. Hawks* and broadly construing FDCPA); *Sonmore v. Checkrite Recovery Services, Inc.*, 187 F.Supp.2d 1128, 1132 (D.Minn. 2001) (Alsop,

J.) (same).  Indeed, the Supreme Court expressly recognized this profound contextual difference:

> To the contrary, it proves that actual damages can be understood to entail only pecuniary harm depending on the context. Because the FTCA, like the FHA and FCRA, does not share the same text or design as the Privacy Act, it is not a fitting analog for construing the Act.

*Cooper*, 2012 WL 1019969, at *10.

Cooper is inapposite and should have zero impact on the Court's analysis with respect to Defendant's pending Motion for Summary Judgment.

Dated this 5th day of April, 2011.

                         Respectfully submitted,

                         By: s/ Thomas J. Lyons
                         Thomas J. Lyons, Esq.
                         Attorney I.D. #:  65699
                         367 Commerce Court
                         Vadnais Heights, MN  55127
                         Telephone:  (651) 770-9707
                         Facsimile:  (651) 770-5830
                         tlyons@lyonslawfirm.com
                         *Attorney for Plaintiff*